IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLEKSANDRA SHALAK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. |
| CITY OF CHICAGO, | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff, OLEKSANDRA SHALAK, by and through her attorneys, The Coffey Law Office, P.C., complains of Defendant, CITY OF CHICAGO, as follows:

### Nature of Case

1. Plaintiff brings this action against Defendant to recover damages proximately caused by Defendant's discriminatory and retaliatory termination of her employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. 12101 *et seq.* (the "ADA"), Section 1981 of the Civil Rights Act of 1871, 42 U.S.C. § 1981 ("Section 1981"), and the First and Fourteenth Amendments to the United States Constitution made enforceable through 42 U.S.C. § 1983 ("Section 1983").

### Jurisdiction and Venue

2. This Court has original jurisdiction over Plaintiff's Title VII, ADA, Section 1981, and Section 1983 claims under 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3) because Defendant's illegal acts complained of herein took place at Defendant's offices located within the geographical jurisdictional boundaries of this Court.

4. On September 29, 2023, Plaintiff filed a timely charge of illegal sex and national origin discrimination and retaliation in violation of Title VII with the local district office of the EEOC. On February 23, 2024, the EEOC issued its Notice of Right to Sue in connection with Plaintiff's charge. This Complaint is filed within 90 days of Plaintiff's receipt of the EEOC Notice.

**The Parties**

5. Plaintiff, Oleksandra Shalak ("Alexandra") is a Ukrainian born, female individual who at all times relevant to this Complaint resided in the City of Chicago, Cook County, Illinois.

6. At all times relevant hereto, Defendant City of Chicago (hereafter "Chicago"), is a municipal corporation organized under the laws of the State of Illinois, and located in Cook County, Illinois. Chicago employees in excess of 500 workers, and is thus an "employer" within the meaning of Title VII.

**Relevant Facts Common to all Counts**

7. Alexandra started her employment with Chicago in February 2016 in the position of Exec. Admin. Asst. II in the Treasury Dept.

8. During her employment, Alexandra's job performance met or exceeded Respondent's legitimate expectations. Chicago promoted Alexandra several times and consistently awarded her merit pay raises. Her last position was Asst. City Treasurer.

9. From November 2021 through to July 2022, Alexandra suffered from various complications related to her pregnancy including diagnoses of severe morning sickness, Deep Vein Thrombosis, hyperemesis gravidarum, gestational diabetes, etc.

10. Alexandra notified Chicago's Disability Officer of her pregnancy and related complications and requested reasonable accommodation of work from home due to her disability. Alexandra attached supporting medical records to her e-mail.

11. The City initially denied Alexandra's request and continued to baselessly and disparately refuse to allow her to work from home through to February 2022, and only after requiring her to repeatedly and needlessly submit the same supporting medical records and information multiple times and mandating several meetings whereat Alexandra's private health information was shared with others who had no legitimate reason to know. This caused Alexandra to suffer severe emotional pain, humiliation and embarrassment.

12. In March 2022, Alexandra submitted a formal written complaint of pregnancy discrimination, disability discrimination and failure to accommodate with Chicago's Diversity and EEO Office.

13. On July 2, 2022, Alexandra gave birth to her daughter and commenced a FMLA leave from work followed by a disability leave of absence.

14. Alexandra returned to work on October 10, 2022.

15. On April 24, 2023, Amanda Brown, Chicago's Director of HR, called Alexandra into a meeting. Ms. Brown notified Alexandra that effective the following Monday, April 28th, her position would be transferred to a new employee. Ms. Brown did not give a reason. Ms. Brown mentioned that Alexandra could apply for a lesser, non-

comparable job in a different department that paid significantly less.

16. On April 26, 2023, Ms. Brown gave Alexandra a typed resignation letter to sign.

17. Alexandra refused to sign the letter and stated to Ms. Brown that she had no intention of resigning and would not sign the letter.

18. On April 28, 2023, Ms. Brown e-mailed Alexandra attaching a termination letter effective that day. Again, no reason was stated.

19. Chicago has treated similarly situated male employees, non-pregnant employees, and/or employees who had not engaged in legally protected activity more favorably than Alexandra.

20. On information and belief, Chicago replaced Alexandra with one or more males, non-pregnant persons, and/or individuals who had not engaged in legally protected activity.

### Count I: Sex Discrimination in Violation of Title VII

21. Alexandra restates and fully incorporates into Count I her allegations set forth in Paragraphs 1 through 20, above.

22. Title VII makes it illegal for an employer such as Chicago to discriminate against any individual in the terms, conditions or privileges of employment on the basis of his or her gender.

23. As described above, Chicago terminated Alexandra's employment because of her gender in violation of Title VII.

24. As a direct and proximate result of Chicago's illegal discrimination as described above, Alexandra has lost, and is expected to continue to lose, income in the

4

form of wages and prospective retirement benefits, social security and other benefits in a sum to be proven at trial, and has suffered emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

### Count II: National Origin Discrimination in Violation of Title VII

25. Alexandra restates and fully incorporates into Count II her allegations set forth in Paragraphs 1 through 20, above.

26. Title VII makes it illegal for an employer such as Chicago to discriminate against any individual in the terms, conditions or privileges of employment on the basis of his or her national origin.

27. As described above, Chicago terminated Alexandra's employment because of her national origin in violation of Title VII.

28. As a direct and proximate result of Chicago's illegal discrimination as described above, Alexandra has lost, and is expected to continue to lose, income in the form of wages and prospective retirement benefits, social security and other benefits in a sum to be proven at trial, and has suffered emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

### Count III: Sex Discrimination in Violation of Section 1983

29. Alexandra restates and fully incorporates into Count III her allegations set forth in Paragraphs 1 through 20, above.

21. Alexandra has a constitutionally protected right to be free of sex discrimination under the equal protection clause of the Fourteenth Amendment to the United States Constitution made enforceable through Section1983.

22. As described above, Chicago, acting under the color of law, terminated Alexandra's employment because of her gender in violation of her constitutional rights.

23. As a direct and proximate result of Chicago's illegal discrimination as described above, Alexandra has lost, and is expected to continue to lose, income in the form of wages and prospective retirement benefits, social security and other benefits in a sum to be proven at trial, and has suffered emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

### **Count IV: National Origin Discrimination in Violation of Section 1983**

24. Alexandra restates and fully incorporates into Count IV her allegations set forth in Paragraphs 1 through 20, above.

25. Alexandra has a constitutionally protected right to be free of national origin discrimination under the equal protection clause of the Fourteenth Amendment to the United States Constitution made enforceable through Section1983.

26. As described above, Chicago, acting under the color of law, terminated Alexandra's employment because of her national origin in violation of her constitutional rights.

27. As a direct and proximate result of Chicago's illegal discrimination as described above, Alexandra has lost, and is expected to continue to lose, income in the form of wages and prospective retirement benefits, social security and other benefits in a sum to be proven at trial, and has suffered emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## Count V: Race, Ethnicity and Ancestry Discrimination
## in Violation of Section 1981

28. Alexandra restates and fully incorporates into Count V her allegations set forth in Paragraphs 1 through 20, above.

29. Section 1981 makes it lawful to discriminate against any person in the terms and privileges of employment, or to take any adverse action against any person because of his or her race, ethnicity and/or ancestry.

30. As described above, Chicago terminated Alexandra's employment because of her race, ethnicity and/or ancestry origin in violation of Section 1981.

31. As a direct and proximate result of Chicago's illegal discrimination as described above, Alexandra has lost, and is expected to continue to lose, income in the form of wages and prospective retirement benefits, social security and other benefits in a sum to be proven at trial, and has suffered emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## Count VI: Retaliation in Violation of Title VII

32. Alexandra restates and fully incorporates into Count VI her allegations set forth in Paragraphs 1 through 20, above.

33. Title VII makes it unlawful for an employer to discriminate against an employee because she has opposed what they in good faith believe to be illegal gender harassment and/or discrimination and/or because she requested reasonable accommodations at work for pregnancy related medical conditions or complications.

34. As described above, Alexandra engaged in activity protected under Title VII when she requested reasonable accommodation of work from home due to her

pregnancy related medical conditions or complications and then filed a formal complaint concerning Chicago's denial of her request and harassment with respect to it.

35. As also described above, Chicago terminated Alexandra's employment because of her Title VII protected activity in violation of Title VII.

36. As a direct and proximate result of Chicago's illegal retaliation as described above, Alexandra has lost, and is expected to continue to lose, income in the form of wages and prospective retirement benefits, social security and other benefits in a sum to be proven at trial, and has suffered emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## Count VII: Retaliation in Violation of the ADA

37. Alexandra restates and fully incorporates into Count VII her allegations set forth in Paragraphs 1 through 20, above.

38. The ADA prohibits employers from retaliating against employees who assert their right under the act to be free from discrimination prohibited by the ADA, and from coercing, intimidating, threatening or interfering with an employee's exercise of an ADA right. See 42 U.S.C. §§ 12203(a) and (b).

39. As described above, while she was pregnant from November 2021 through to July 2022, Alexandra was "disabled" as defined under the ADA in that she had an actual disability that substantially limited several of his major life activities including her ability to lift and to work, had a record of such impairment, and/or was perceived by Chicago as having such impairment. 42 U.S.C. §§ 12102(1), 12102(2)(A).

40. During that time frame, Alexandra was a "qualified individual" as defined under the ADA. See 42 U.S.C. § 12111(8).

41. As described above, Alexandra engaged in activities protected by the ADA when she requested reasonable accommodation of work from home due to her pregnancy related medical conditions or complications and then filed a formal complaint concerning Chicago's denial of her request and harassment with respect to it.

42. As also described above, Chicago terminated Alexandra's employment because of her ADA protected activity in violation of the ADA.

43. As a direct and proximate result of Chicago's illegal retaliation as described above, Alexandra has lost, and is expected to continue to lose, income in the form of wages and prospective retirement benefits, social security and other benefits in a sum to be proven at trial, and has suffered emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## Count VIII: Retaliation in Violation of Section 1983

44. Alexandra restates and fully incorporates into Count VIII her allegations set forth in Paragraphs 1 through 20, above.

45. Alexandra has a constitutionally protected right to free speech and to be free from retaliation because of exercising her right to free speech under the First Amendment to the United States Constitution and made enforceable through Section1983.

46. As described above, Angela spoke as a citizen about a matter of public concern when she requested reasonable accommodation of work from home due to her pregnancy related medical conditions or complications and then filed a formal complaint concerning Chicago's denial of her request and harassment with respect to it. Her speech was therefore constitutionally protected.

47. As also described above, Chicago, acting under the color of law, terminated Alexandra's employment because of her protected speech in violation of her constitutional rights.

48. As a direct and proximate result of Chicago's illegal retaliation as described above, Alexandra has lost, and is expected to continue to lose, income in the form of wages and prospective retirement benefits, social security and other benefits in a sum to be proven at trial, and has suffered emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## Prayer for Relief Common to All Counts

**WHEREFORE**, Plaintiff, OLEKSANDRA SHALAK, respectfully prays unto this Honorable Court to enter judgment against Defendant CITY OF CHICAGO as follows:

A. Order Defendant to make her whole by paying her appropriate back pay and reimbursement for lost pension, social security and other benefits and out-of-pocket expenses, plus pre-judgment interest in an amount to be shown at trial;

B. Order Defendant to immediately reinstate her to her former position or one comparable thereto; or, in the alternative, order Defendant to pay her an appropriate amount of front pay;

C. Order Defendant to pay her compensatory damages in the maximum amount allowable under the law;

D. Order Defendant to pay her costs incurred in bringing this action, including, but not limited to, expert witness fees and reasonable attorneys' fees;

E. Try all issues of fact to a jury; and,

F. Grant such other relief as the Court deems just.

>Respectfully submitted,
>Plaintiff, OLEKSANDRA SHALAK,
>
>By:    /s/ Timothy J. Coffey
>       Timothy J. Coffey, Esq.
>       THE COFFEY LAW OFFICE, P.C.
>       Attorneys for OLEKSANDRA SHALAK
>       118 N. Clinton Street, Suite 125
>       Chicago, IL   60661
>       (312) 627-9700
>       tcoffey@worker-law.com